455 A.2d 156

**COMMONWEALTH of Pennsylvania ex rel. Jean Marie DeWALT**

v.

**Scott W. DeWALT, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1982.

Filed Jan. 21, 1983.

Ronold John Karasek, Bangor, for appellant.

Dennis A. DeEsch, Easton, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

 This appeal is from an order awarding "temporary alimony" under Section 401(b) of the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.* The order was entered by the lower court in the first instance; it was not on a master's recommendation. Appellant filed no exceptions. For procedural purposes, alimony awarded under section 401(b) of the Code is like alimony pendente lite. We have concluded that under Pa.R.C.P. 1920.1(b) and 1920.52, when a court in the first instance enters an order awarding alimony pendente lite, exceptions must be filed in order to preserve an issue for review. Since appellant filed no exceptions, he has preserved no issue for our review. We therefore affirm.

On April 1, 1981, the lower court entered a decree of divorce only; the court reserved the issues of alimony and equitable distribution for later decision. On April 27 appellee filed a petition seeking "temporary alimony." On June 10, after a hearing, the lower court granted the petition and awarded alimony of $45 a week. Appellant filed no exceptions to the order but instead appealed at once to this court.[1]

The lower court entered its order pursuant to section 401(b) of the Divorce Code. Section 401(b) provides that "[a]ny decree granting a divorce ... shall include ...., where these matters are raised ...., an order or orders

---

1. The procedural history of this matter in the lower court is rather complex, but we have decided that we may confine our consideration of it to this footnote. At the hearing on appellee's petition for temporary alimony the lower court had before it by stipulation both appellant's petition to modify an existing unallocated order of support and appellee's petition for temporary alimony. The existing order had been entered prior to the divorce decree and was docketed on the domestic relations docket at No. 5680, as was appellant's petition to modify the order. Appellee's petition for temporary alimony was filed at the same docket number as the divorce action, No. 87 October Term 1974, but the order of June 10 granting temporary alimony was docketed on the domestic relations docket. Later, however, the order granting temporary alimony was also docketed on the divorce docket. Appellant's notice of appeal lists only the domestic relations docket number. It would have been better if the order had been immediately listed on both dockets, and the appeal taken accordingly.

determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters ...." The court is not, however, required to enter a single decree finally disposing of all of these matters at one time. It may instead enter a decree of divorce only, and "order alimony, reasonable counsel fees and expenses pending final disposition of the [other] matters" that have been raised and are still at issue, such as the parties' property rights. *Id.* That is what the court did here.

It is apparent that as used in section 401(b), "alimony" means two different things. In the first instance, referring to the court's duty to dispose of "existing property rights and interests between the parties, ... alimony and any other related matters," "alimony" means the sort of alimony that the court may award pursuant to section 501(b) of the Code, which provides that "[t]he court may allow alimony ... if it finds that the party seeking alimony ... lacks sufficient property ... to provide for his or her reasonable needs ... and ... is unable to support himself or herself through appropriate employment." This sort of alimony is awarded, if at all, as an incident of the final adjudication of all of the disputes between the parties, the award being made either as part of the decree of divorce or later. In the second instance, referring to the court's power to award "alimony ... pending final disposition" of such matters as were not disposed of as part of the decree of divorce, "alimony" means what the lower court here, and also, appellee's petition, characterized as "temporary alimony."[2] This sort of alimony is awarded from the date of the entry of a decree of divorce only to the date of entry of other orders finally adjudicating the parties' other disputes.

This brings us to the question whether a party wishing to obtain appellate review of an order awarding "temporary alimony" must file exceptions to the order.

**2.** A recent treatise on the Divorce Code of 1980 also characterizes the alimony authorized by section 401(b) as "temporary alimony." N. Perlberger, Pennsylvania Divorce Code § 7.13 (1980).

We may start by noting that this question can't be answered directly, for the Rules of Civil Procedure don't use the term "temporary alimony"; they refer only to "alimony" and "alimony pendente lite." However, since "temporary alimony" and "alimony pendente lite" are alike in being awarded for a limited period, which ends with the final adjudication of the disputes between the parties, they should for procedural purposes be treated alike. We therefore conclude that as used in the Rules, "alimony pendente lite" includes "temporary alimony."

Pa.R.C.P. 1920.51 permits claims for alimony pendente lite to be referred to a master. If the claim is referred to a master, exceptions to the master's recommendation may be filed; if not filed, any objections are waived. Pa.R.C.P. 1920.54–1920.55. If the claim is not referred to a master but is decided in the first instance by the court, as was done here, the relevant procedure is set forth in Pa.R.C.P. 1920.-52, which reads as follows:[3]

Rule 1920.52 Hearing by Court. Decision. Decree

(a) In claims involving

(1) marital property,

(2) enforcement of marital agreements,

(3) custody,

(4) alimony,

(5) paternity,

(6) a contested action of divorce, or

(7) a contested action for annulment,

the trial judge shall enter a decision which shall state the reasons therefor. The practice and procedure thereafter shall be in accordance with Rule of Civil Procedure 1038(d) and (e) except that a court en banc shall not be required.

(b) In claims involving

(1) child support,

---

**3.** Various changes in the Divorce Rules have been proposed by the Civil Procedural Rules Committee. *See* 12 Pennsylvania Bulletin 2022–30 (July 3, 1982). However, these proposed changes do not include any alteration of Rule 1920.52.

(2) alimony pendente lite,

(3) counsel fees, costs and expenses,

(4) an uncontested action of divorce, or

(5) an uncontested action for annulment,

the decision of the trial judge may consist only of general findings.

(c) The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims.

(d) In all cases, the court shall enter a decree separately adjudicating each claim.

Since "alimony pendente lite" includes "temporary alimony," appellant's claim is within subsection (b) of Rule 1920.-52.

Pa.R.C.P. 1920.1(b) relates to actions in divorce. It provides that:

(a) Except as otherwise provided in this chapter, the procedure in the action shall be in accordance with the rules relating to the action in assumpsit.

The pertinent rule "relating to the action in assumpsit" is Pa.R.C.P. 1038, which governs trial without jury. Subsections (d) and (e) provide that in order to preserve objections to the trial judge's decision, exceptions must be filed within 10 days, and if not filed, judgment may be entered on the decision.

Therefore, to recapitulate: "Temporary alimony" is a form of "alimony pendente lite." A claim involving alimony pendente lite is within Pa.R.C.P. 1920.52(b). Although Pa. R.C.P. 1920.52(b) does not specify whether exceptions must be filed to preserve objections to an order awarding alimony pendente lite, Pa.R.C.P. 1920.1(b) provides that the rules relating to an action in assumpsit apply. One of these rules, Pa.R.C.P. 1038, provides that to preserve objections to the decision in an assumpsit action, exceptions must be filed. Accordingly, appellant was required to file exceptions to the lower court's order awarding temporary alimo-

ny. Since he did not file exceptions, he has preserved no objection to the order.[4]

Affirmed.

**4.** It will be observed that exceptions must also be filed to an order awarding "alimony"—as distinguished from an order awarding "alimony pendente lite" or "temporary alimony." For a claim involving "alimony" is within subsection (a) of Rule 1920.52, and by the terms of that subsection, "[t]he practice and procedure [of a claim involving alimony] shall be in accordance with Rule of Civil Procedure 1038(d) and (e) . . . ." There is, however, a difference in practice, which may indirectly affect the sort of exceptions that will be filed. In a claim involving "alimony," "the trial judge shall enter a decision which shall state the reasons therefor." Pa.R.C.P. 1920.52(a). In a claim involving "alimony pendente lite," and, therefore, "temporary alimony," "the decision of the trial judge may consist only of general findings." Pa.R.C.P. 1920.52(b).