467 A.2d 1333

**Mary Patricia CARANGELO, Appellant,**

v.

**William R. CARANGELO.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1983.

Filed Nov. 18, 1983.

220

Raymond C. Davis, Montrose, for appellant.

Charles J. Aliano, Montrose, for appellee.

Before SPAETH, President Judge, and CAVANAUGH, McEWEN, BECK, MONTEMURO, MONTGOMERY and CERCONE, JJ.

CAVANAUGH, Judge:

Does the failure to file exceptions in the trial court to a final order which denies alimony pendente lite and counsel fees after the entry of a divorce decree constitute waiver so as to require that we affirm the order of court? We hold that exceptions are required and therefore we affirm.

This is an appeal from an order entered by the Honorable Donald O'Malley in the Court of Common Pleas of Susquehanna County. A divorce action was instituted by Mary Patricia Carangelo against William R. Carangelo in December 1979. In July of 1980 Mrs. Carangelo petitioned for alimony pendente lite, counsel fees and expenses, and to make an equitable distribution of marital property and an award of alimony should the divorce decree be granted. The rule on the petition was made returnable on August 18 and on that day Judge O'Malley, after hearing, entered an order which provided in part:

> ... we feel any order by this Court in this field would only be appropriate after much deeper investigation in the affairs of the parties' financial affairs than we have been able to afford at this time, we will reserve our ruling on the prayer of this petition until a further disposition of this case.

In April of 1981, Mrs. Carangelo filed an affidavit of consent, agreeing that the marriage was irretrievably broken and consenting to the entry of a final decree of divorce.

She had amended her complaint to plead that the marriage was irretrievably broken in December 1980, apparently to conform to the Divorce Code of 1980 § 201(c). On April 9, 1981 and June 1, 1981 hearings were conducted before Judge O'Malley which included extensive inquiry into the economic status and resources of the parties. Thereafter Mr. Carangelo answered a set of eighty-eight interrogatories dealing with his financial condition. He also filed an affidavit of consent to the entry of a final decree of divorce.

Judge O'Malley entered a decree of divorce on December 29, 1981. On that date he had heard more evidence from Mrs. Carangelo concerning her financial condition. Following the hearing her counsel, after moving for the grant of a divorce, requested that the court reserve jurisdiction over the matters of alimony, counsel fees and equitable distribution.

We have repeated the history of this case since otherwise an order of the court of January 29, 1982 might be open to some question.[1] The order is as follows:

NOW TO WIT, 29 January, 1982, a divorce was granted on the 29th day of December, 1981 on the grounds that that marriage was irretrievably broken.

The petitioner had in addition sought alimony and attorneys [sic] fees in these proceedings. A careful review of the testimony in this case shows that the defendant is presently caring for the children of the union. [sic] providing a common home for them and is so deeply in debt he has no available assets. The Court is satisfied that the defendant has no available assets which can be diverted to the plaintiff without jeopardizing other obligations which the defendant has assumed and is presently carrying out.

The defendant is to pay the costs of these proceedings.

■ In his order Judge O'Malley referred specifically to only "alimony and attorney's fees" but a review of the history and the contents of the order makes it clear that the

1. *See* Pa.R.C.P. 1920.52(d) In all cases, the court shall enter a decree separately adjudicating each claim.

order disposed of and denied all four economic requests that were jointly sought in Mrs. Carangelo's Petition of July 1980, and which after hearing were deferred for disposition by the Court until further investigation of the parties' financial affairs. As noted above there was further extensive evidence by hearing and interrogatories as to the parties' financial affairs; the order in question ensued only after the entry of the decree in divorce; and, the Court in its order concluded that Mr. Carangelo had "no available assets" which could properly be diverted to Mrs. Carangelo. Further, it is clear that it was so understood by Mrs. Carangelo since she did not seek a clarification of the order but rather pursued a direct appeal to this Court of the January 29 order.

This order was entered one month after the entry of the decree in divorce and we, therefore, conclude the present appeal is a direct appeal from a final order which denied Mrs. Carangelo's request for alimony pendente lite, counsel fees and costs, alimony and equitable distribution.

■ Unfortunately we cannot reach the merits of this appeal. It is clear that exceptions must be filed in claims involving marital property and alimony under provisions of Pa.R.C.P. 1920.52(a)[2] which provides that the post decision

2.            Rule 1920.52. Hearing by Court. Decision. Decree
    (a) In claims involving
    (1) marital property,
    (2) enforcement of marital agreements,
    (3) custody,
    (4) alimony,
    (5) paternity,
    (6) a contested action of divorce, or
    (7) a contested action for annulment,
the trial judge shall enter a decision which shall state the reasons therefor. The practice and procedure thereafter shall be in accordance with Rule of Civil Procedure 1038(d) and (e) except that a court en banc shall not be required.
    (b) In claims involving
    (1) child support,
    (2) alimony pendente lite,
    (3) counsel fees, costs and expenses,
    (4) an uncontested action of divorce, or
    (5) an uncontested action for annulment,

practice and procedures for filing exceptions in accordance with Pa.R.C.P. 1038(d)[3] and (e)[4] must be followed. With respect to claims for alimony pendente lite and counsel fees the same procedure must be followed. In *Commonwealth ex rel. DeWalt v. DeWalt,* 309 Pa.Super. 275, 455 A.2d 156 (1983) it was decided:

> Therefore, to recapitulate: "Temporary alimony" is a form of "alimony pendente lite." A claim involving alimony pendente lite is within Pa.R.C.P. 1920.52(b). Although Pa.R.C.P. 1920.52(b) does not specify whether exceptions must be filed to preserve objections to an order awarding alimony pendente lite, Pa.R.C.P. 1920.1(b) provides that the rules relating to an action in assumpsit apply. One of these rules, Pa.R.C.P. 1038 provides that to preserve objections to the decision in an assumpsit action, exceptions must be filed. Accordingly, appellant was required to file exceptions to the lower court's order awarding temporary alimony. Since he did not file exceptions, he has preserved no objection to the order.[5]

We follow the reasoning of *DeWalt* even though the direction to follow the exceptions procedure of Pa.R.C.P. 1038(d) and (e) follows disposition of subsection (a) claims in 1920.52 and not subsection (b) claims, including alimony pendente lite and counsel fees and costs. Subsections (a)

the decision of the trial judge may consist only of general findings.
  (c) The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims.
  (d) In all cases, the court shall enter a decree separately adjudicating each claim.

3. By order of October 19, 1983, the Supreme Court of Pennsylvania rescinded Rule 1038(d), effective January 1, 1984. For post-trial relief following a trial without a jury, *see* Rule 227.1, effective January 1, 1984.

4. By order of October 19, 1983, the Supreme Court of Pennsylvania rescinded Rule 1038(e), effective January 1, 1984. For entry of judgment upon praecipe of a party, *see* Rule 227.4, effective January 1, 1984.

5. Pa.R.C.P. 1920.1(b) provides:
  Except as otherwise provided in this Chapter, the procedure in the action shall be in accordance with the rules relating to the action for assumpsit.

and (b) appear, however, to have been separated only for the purposes of requiring a statement of reasons for decisions under (a) and allowing only general findings for decisions under (b).

■ The same reasoning would apply to a claim for counsel fees and costs. Pa.R.C.P. 1920.52(b)(3).[6] Accordingly we find the issues to have been waived and affirm the order of the trial court.

Order affirmed.

McEWEN, J., concurs in result.

6. Pa.R.C.P. 1920.52(b) includes claims involving child support. Although neither Carangelo nor *DeWalt* involved child support, the reasoning of these cases may be read as applying to any claim provided for in Pa.R.C.P. 1920.52(b). Neither of the alternative (*i.e.,* "office conference") procedures for support actions, set forth in Pa.R.C.P. 1910.11 and 1910.12, allows the filing of exceptions to the final order. Pa.R.C.P. 1910.11(k), 1910.12(g). Some readers may therefore find an apparent conflict between these sections and the court's reasoning in *DeWalt* and Carangelo. I don't believe there is in fact any conflict. Application of the rule of statutory construction that a more specific provision prevails over a more general provision, 1 Pa.C.S. § 1933, shows that Pa.R.C.P. 1910.11(k) and 1910.12(g) would control the need to file exceptions in support actions conducted pursuant to these sections.