487 A.2d 925

**Carol G. BARAFF, Appellee,**

v.

**Robert BARAFF, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 30, 1984.

Filed Jan. 18, 1985.

204

Sanford A. Middleman, Pittsburgh, for appellant.
Eric Rome, Pittsburgh, for appellee.

Before ROWLEY, TAMILIA and HESTER, JJ.

PER CURIAM:

This is a direct appeal from the trial court's Order of May 20, 1983, modifying a previous Order of January 10, 1983, and dismissing the parties' exceptions thereto. Appellant, Dr. Robert Baraff, alleges, *inter alia,* that the trial court erred in distributing the marital property of the parties, refusing to reduce his support obligation and directing him to pay certain counsel fees and costs. We have thoroughly reviewed the record in this case and we find no abuse of discretion in the trial court's determination regarding the marital property distribution or the award of counsel fees

and costs. Accordingly, we affirm that portion of the court's Order. However, we find that this appeal must be quashed with respect to the claims involving support arrearages and appellant's continuing support obligation.

Mrs. Baraff instituted a support action against Dr. Baraff in 1979, seeking support payments for herself and the parties' three children. (Allegheny County Common Pleas, No. 110, April Term, 1979) By order dated December 17, 1979 (per Judge William Colbert), Dr. Baraff was directed to pay support in the amount of $1,600.00 per month for his wife and $2,400.00 per month for the children. He was further ordered to pay private school tuition for the children and to provide medical coverage for his wife and children.[1]

Mrs. Baraff filed a Divorce Complaint on July 1, 1980, pursuant to the Divorce Code of 1980. 23 P.S. §§ 101–801. Her complaint, in addition to seeking a divorce, requested equitable distribution of the parties' marital property, alimony and counsel fees. On August 27, 1980, the divorce proceeding was designated complex by the trial court upon petition of Mrs. Baraff, and discovery was allowed. The progress of this case through discovery to trial was repeatedly impeded by Dr. Baraff's refusal to cooperate and his failure to supply vital information regarding his financial assets to his wife's attorneys and the court. In addition, Dr. Baraff failed to appear at a deposition scheduled for January 22, 1981, and he refused to answer questions or produce documents at a subsequent deposition on March 16, 1981. His actions resulted in the imposition of sanctions by the court whereby he was precluded from producing evidence at any hearing regarding equitable distribution and counsel fees.

On August 4, 1982, a Petition for Reduction of the December 17, 1979 order of support was filed by Dr. Baraff, representing himself. On October 14, 1982, Dr. Baraff again filed a Petition for Reduction of the support

1. Judge Colbert's decision was affirmed on appeal to this court by per curiam order and memorandum opinion on April 16, 1981. *Baraff v. Baraff,* 292 Pa.Super. 582, 433 A.2d 547 (1981).

order. Although Dr. Baraff's petitions were filed at the docket number assigned to the divorce proceeding, Dr. Baraff was, in fact, requesting a reduction of the previous support order of December 17, 1979, directing him to make total support payments of $4,000.00 to his wife and children. The support action was actually a separate and distinct proceeding. Dr. Baraff's petitions alleged that there had been a change in circumstances since the support order had been entered; namely, that he had suffered medical problems and his physician had advised him to work fewer hours. Thus, he quit the private practice of neurology resulting in a drastic reduction of income. Again, Dr. Baraff repeatedly failed to appear for medical examinations and the court imposed sanctions whereby he was not permitted to present evidence relating to his medical condition at any hearing in the support action.

By Order dated October 14, 1982, the trial court consolidated the divorce action and the petition for reduction of the support order for hearing. Following hearings on December 13, 14, and 17, 1982, Judge Strassburger filed an Opinion and Order on January 10, 1983, in which he disposed of the issues raised in the support and the divorce actions. The parties' exceptions to that order were dismissed and this appeal followed.[2]

We first address appellant's contention that the trial court erred in refusing to reduce his child support obligation under the court's previous order of December 17, 1979, and in certifying arrearages of $9,944.50 for Dr. Baraff's failure to make outstanding payments. We find that exceptions to that portion of the trial court's order which determined Dr. Baraff's support obligation were improper, and insofar as this appeal is taken from the court's adjudication of the support case, it must be quashed.

The trial court's order of January 10, 1983, directed entry of Judgment on support arrearages in the amount of $9,944.50. In addition, although the previous support Order

2. A more detailed review of the facts relevant to this appeal is set forth in the opinion of Judge Strassburger.

was modified to exclude continued support payments to Mrs. Baraff, the Order was continued insofar as it required $2,400.00 monthly payments for the support of the children. On January 12, 1983, Mrs. Baraff filed a praecipe for entry of Judgment and Judgment was entered for the amount of arrearages set by Judge Strassburger. Dr. Baraff's exceptions to the Order of the trial court, filed on January 20, 1983, challenged, *inter alia,* both the support order and the certification of arrearages. Following argument, the trial court entered an Order on May 23, 1983, modifying the previous Order in minor respects but otherwise dismissing both parties' exceptions.

Although the trial court consolidated the matters raised in Mrs. Baraff's divorce complaint with the claims raised by Dr. Baraff in the support proceeding, the divorce action and the support action were two separate proceedings. Dr. Baraff's petition was filed pursuant to specific rules governing all civil actions brought to enforce a duty of support or to modify or terminate that duty. *See* Pa.R.C.P. 1910.1 and Pa.R.C.P. 1910.19. Rule 1910.19 provides that the procedure upon a petition to modify support shall be in accordance with Pa.R.C.P. 1910.10 et seq.[3]

■ Rule 1910.12(g) provides that no exceptions are to be filed to the final order of the trial court.[4] The fact that the support matter was heard by the court in the first instance, rather than by a hearing officer, does not make the court's adjudication of support interlocutory, and thus, subject to the filing of exceptions. There can be no doubt that the trial court's Order of January 10, 1983 certifying arrearages was a final order. The Order directed that Judgment be entered on arrearages in the sum of $9,944.50, and Judgment was subsequently entered on January 12, 1983, follow-

3. The Family Division Court of Allegheny County has adopted the alternative hearing procedure of Rule 1910.12 governing support actions. *See* Allegheny County Local Support Rule 1910.10(a).

4. In this opinion, we refer to Rule 1910.12(g) as it existed prior to the amendments adopted October 19, 1983, effective January 1, 1984. Rule 1910.12(g) now provides that no Motion for Post-Trial Relief may be filed to a final order.

ing praecipe by appellee. Notice of the entry of Judgment was sent to appellant by the prothonotary. At that point, appellant's remedy was to pay the amount of the Judgment, petition to strike or open the Judgment, or appeal therefrom within 30 days. *See* Explanatory Note to Pa.R.C.P. 1910.23.

The filing of an exception to that portion of the trial court's Order which dealt with support arrearages was improper. Likewise, we do not find that exceptions were proper to that portion of the trial court's order continuing appellant's child support obligation. We recognize that appellant did not have an opportunity to file exceptions to a report and recommended support order of a hearing officer as prescribed by Rule 1910.12(d) through (g), since all matters were consolidated and heard before the trial court at one time. However, appellant acquiesced in the trial court's consolidation of these issues. Moreover, appellant does not argue on appeal that the support matters should have been severed from the other claims for equitable distribution, alimony, and counsel fees. Considering appellant's repeated and deliberate failure to cooperate in the court's attempts to resolve these matters, the long and arduous history of these proceedings, Judge Strassburger's familiarity with the circumstances of the case, and the fact that appellant has been represented by at least twelve attorneys, we cannot fault the trial court for scheduling one hearing at which evidence concerning all claims was to be presented. The consolidation of support proceedings with other matters for the purpose of hearing only, does not create a right or obligation to file exceptions to the court's decision on the support issues where none existed before.

The trial court's order insofar as it continued appellant's support obligation for his children and directed that Judgment be entered on support arrearages was a final order and exceptions to that portion of the trial court's order were not required or allowed under Pa.R.C.P. 1910.12(g).[5] Appel-

5. Our disposition in this case is not inconsistent with the reasoning of an *en banc* panel of this court in *Carangelo v. Carangelo,* 321 Pa.Super. 219, 467 A.2d 1333 (1983) and the decision of a panel of this court in

lant's failure to take a *timely* appeal from the trial court's order determining the support matters leaves this court without jurisdiction to review those claims.

Appellant also argues that the trial court erred in: 1) awarding his wife an unfair percentage of the marital estate; 2) ordering him to maintain $170,000.00 in life insurance policies naming the children as beneficiaries; 3) ordering payment of certain of his wife's counsel fees, costs and expenses; and 4) directing payment of counsel fees for his own court appointed counsel. An appellate court will reverse an order determining equitable distribution of marital property only for an abuse of discretion by the trial court. *Kleinfelter v. Kleinfelter,* 317 Pa.Super. 282, 463 A.2d 1196 (1983). In reviewing the trial court's determination, we must keep in mind that the court was free to accept or reject the parties' testimony. *Gee v. Gee,* 314 Pa.Super. 31, 460 A.2d 358 (1983). *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). We have thoroughly reviewed Dr.

*DeWalt v. DeWalt,* 309 Pa.Super. 275, 455 A.2d 156 (1983). In *Carangelo* and *DeWalt,* this court determined that exceptions to a final order were required in cases involving alimony pendente lite and counsel fees and costs by virtue of Pa.R.C.P. 1920.52(b) and Pa.R.C.P. 1038. Nonetheless, the reasoning of *DeWalt* and *Carangelo* cannot be applied in cases involving separate support claims. As the court observed in *Carangelo:*

> Pa.R.C.P. 1920.52(b) includes claims involving child support. Although neither *Carangelo* nor *DeWalt* involved child support, the reasoning of these cases may be read as applying to any claim provided for in Pa.R.C.P. 1920.52(b). Neither of the alternative (i.e., 'office conference') procedures for support actions, set forth in Pa.R.C.P. 1910.11 and 1910.12, allows the filing of exceptions to the final order. Pa.R.C.P. 1910.11(k), 1910.12(g). Some readers may therefore find an apparent conflict between these sections and the court's reasoning in *DeWalt* and *Carangelo.* I don't believe there is in fact any conflict. Application of the rule of statutory construction that a more specific provision prevails over a more general provision, 1 Pa.C.S. § 1933, shows that Pa.R.C.P. 1910.11(k) and 1910.12(g) would control the need to file exceptions in support actions conducted pursuant to these sections.

*Id.,* 321 Pa.Super., at 225 n. 6, 467 A.2d at 1335–1336 n. 6. Thus, the more specific support rules were applicable in this case, despite the fact that all claims were consolidated for hearing and decision by the trial court. Under Rule 1910.12(g), exceptions to the court's support order were not proper.

Baraff's claims on appeal and we find no abuse of discretion on the part of the trial court. We find that Judge Strassburger's considered opinion adequately resolves the issues raised by appellant regarding equitable distribution, life insurance, and counsel fees and expenses. Moreover, although we have determined that the appeal from the court's support adjudication must be quashed, we have reviewed the record, the parties' briefs, and the trial court's opinion regarding that issue and we find that if we were to reach the merits of appellant's claims regarding support, we would affirm the trial court's determination.

Accordingly, this appeal is quashed insofar as it raises issues regarding the trial court's support adjudication. In all other respects, the trial court's Order is affirmed.