518 A.2d 843

**Carol J. MOSIER, Appellant,**

v.

**Robert E. MOSIER.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1986.

Filed Dec. 5, 1986.

**5.** The practice of filing exceptions has since been replaced with filing a Motion for Post-Trial Relief. *See* Pa.R.C.P. 227.1.

Joan D. Mason, Meadville, for appellant.

John F. Spataro, Assistant District Attorney, Meadville, for appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

On October 11, 1984, after a hearing, an Order was entered granting bifurcation in the divorce action between the present parties. On November 2, 1984, upon praecipe of appellee, Robert Mosier, a divorce decree was entered. The decree reserved, for further order, all issues relating to alimony, alimony pendente lite, equitable distribution, counsel fees and costs.

Appellant, Carol Mosier, filed separate appeals challenging the bifurcation Order and the divorce decree. Subsequently, a Master's report was filed dealing with the economic issues and both parties filed exceptions to that re-

port. The lower court, on July 8, 1985, entered an Order indicating that under Pa.R.A.P. 1701, it no longer had jurisdiction to take further action until this Court relinquished jurisdiction, citing *Hall v. Hall,* 333 Pa.Super. 483, 482 A.2d 974 (1984) (Memorandum, Walker, J. filed July 17, 1985).

A review of the briefs and the record in this case reveals a number of procedural problems which we will discuss.

■ Initially, we must address the appealability of the Order granting the petition for bifurcation. In *Mandia v. Mandia,* 341 Pa.Super. 116, 491 A.2d 177 (1985), this Court determined that such an Order is not final and appealable.

> An order which grants a bifurcation has no bearing on the parties status nor does it realistically affect them in any way. It is only upon entry of the actual decree of divorce when ramifications of the order became apparent and tangible. A party who opposes the grant of a petition for bifurcation is not necessarily acting in opposition to the divorce per se but is opposing the timing of the divorce vis a vis the parties economic claims.

*Id.,* 341 Pa.Superior Ct. at 118, 491 A.2d at 178.

If this were the only Order appealed from, we would quash the appeal on that basis. However, an appeal has also been taken from the divorce decree. It is appropriate to raise the issue of bifurcation on such an appeal. *Thill v. Larner,* 321 Pa.Super. 62, 467 A.2d 894 (1983); *Mandia, supra.*

■ Appellant contends the trial court was not authorized to consider the request for bifurcation prior to the filing of the Master's report and a determination that the ancillary issues would not be disposed of within 30 days of the filing of the report. In support of this argument, appellant relies on 23 P.S. § 401(b) which provides in pertinent part:

> Section 401. Decree of Court
>
> . . . .
>
> (b) Any Decree granting a divorce or an annulment, shall include after a full hearing, where these matters are

raised in the complaint, the answer or other petition, an order or orders determining or disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. . . .

We do not agree that section 401(b) should be read so as to exclude from consideration for bifurcation, divorce proceedings which do not fall within its parameters. The section authorizes the court, after a Master's report has been filed, to make an evaluation of whether it would be appropriate to enter a divorce decree prior to a final determination of the ancillary matters. This does not, however, restrict the court from making a determination on bifurcation before a Master's report has been filed or in instances where a Master is not involved.

The rules provide specifically for bifurcation in Pa.R.C.P. 1920.52(c), which states:

(c) The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims.

To allow bifurcation, only in situations where a Master's report has been filed and a determination made as to the potential for quickly resolving the ancillary matters, would be unduly restrictive. The interests underlying the use of bifurcation include a speedy resolution of the divorce issue, and allowing the parties to restructure their lives while conflicts surrounding the others details are resolved. *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983).

We would thus allow the court to consider bifurcation upon motion of the parties or under section 401 sua sponte.

The second issue questions the adequacy of the statement made by the court when granting bifurcation.

The court is required to assemble adequate information, thoughtfully study it and explain the decision. *Wolk, supra; Pastuszek v. Pastuszek,* 346 Pa.Super. 416, 499 A.2d 1069 (1985); *Prozzoly v. Prozzoly,* 327 Pa.Super. 326, 475 A.2d 820 (1984); *Mandia, supra.* The requirement of a statement is analogous to that required under the Sentencing Code as illustrated in *Commonwealth v. Wilson,* 306 Pa.Super. 372, 452 A.2d 772 (1982). *Wolk, supra.*

■ The question of whether to grant bifurcation is one of judicial discretion. *Wolk, supra; Mandia, supra; Pastuszek, supra.* Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating should it grant the petition. *Wolk, supra; Pastuszek, supra.*

On appellate review, an abuse of discretion standard is applied in determining whether the court's decision concerning bifurcation, as explained in the required statement, was appropriate. *Wolk, supra.*

■ In the present case, the court, while citing *Wolk, supra,* merely states, "After hearing, it is our opinion that the benefits of dissolving this marriage before the resolution of all of the economic problems greatly outweighs the benefits of maintaining a hollow, but legal, marital relationship." (Memorandum, Walker, J., 10/12/84, p. 1).

We do not think this statement is one which is sufficient to allow appellate review. When the court fails to properly elaborate, we are unable to determine whether the advantages and disadvantages of bifurcation have been explored and analyzed. *Hall, supra; Wolk, supra.* This exploration must be done before the decision is rendered and explained when the Order is issued. It is not sufficient to do so only before exceptions are decided or when appeal is taken.

*Hall, supra.* Illustrative of a more appropriate statement is the discussion of bifurcation in the Memorandum filed in response to the appeal which states:

> This brings us to the merits of granting a decree dissolving the marriage on a bifurcated basis. It is abundantly clear from the testimony that this marriage is irretrievably broken. The husband has taken up residence with another woman whom he desires to marry and his intended bride testified that she also wanted to marry him and both are dissatisfied with the moral implications of their present situation.

Conversely, the wife, although she had an excellent job at the time of the separation, chose to leave that in favor of further post-baccalaureate education. We certainly have no quarrel with her decision to improve herself, but it has created an economic strain on her which may have in turn affected her decisions regarding the economic issues of this divorce. It is clear that her only objection to bifurcation and dissolution of the marriage is economic.

> In *Wolk*, the court said:
> Bifurcation separates the termination of the marriage from the distribution of property so that the marriage and each party's personal life are not held hostage to economic demands.

At this juncture it is clear that the plaintiff is holding her husband hostage to the economics of the situation.

> In *Gordon, supra,* the Superior Court made it clear in distinguishing between the Divorce Law of 1929 and the Divorce Code of 1980 that one of the evils to be corrected by the new Divorce Code was the economic coercion that often existed in connection with the grant or denial of a dissolution of the marriage. We believe that in the present case the parties have been given every opportunity to resolve the economic issues and not having done so, the defendant is entitled to have the marriage dissolved so that he may get on with his life.

(Memorandum, Walker, J., 7/17/85, pp. 5–6).

Although not raised by appellant, we also note the failure of the court to provide a statement when entering the

divorce decree as required by Pa.R.C.P. 1920.52 which provides in pertinent part:

**Rule 1920.52 Hearing by Court. Decision. Decree**

(a) In claims involving

(1) marital property,

(2) enforcement of marital agreements,

(3) custody,

(4) alimony,

(5) paternity

(6) a contested action of divorce, or

(7) a contested action for annulment, the trial judge shall enter a decision which shall state the reasons therefor. The practice and procedure thereafter shall be in accordance with Rules of Civil Procedure 227.1 to 227.4 inclusive.

We do not think the reasons given, to comply with this Rule, need be as extensive as those required when granting bifurcation. Nevertheless, they must at least provide the basis for the decision of the court, referring to the appropriate section of the statute (23 P.S. § 201) and the findings which indicate compliance.

There is an additional procedural matter which dictates our final determination and prevents us from deciding this case on the merits of the issues discussed herein. Under Pa.R.C.P. 1920.52, it is necessary to follow post-trial procedures in accordance with Pa.R.C.P. 227.1 to 227.4. This requires the filing of post-trial motions where the matters complained of must be raised within ten days of the filing of the decision. Pa.R.C.P. 227.1(c)(2). Grounds not specified in post-trial motions are deemed waived. Pa.R.C.P. 227.1(b)(2).

Although this requirement has not been specifically held applicable to divorce decrees, it has been enforced in relation to various other claims under Pa.R.C.P. 1920.52. *Szakmeister v. Szakmeister*, 344 Pa.Super. 465, 496 A.2d 1199 (1985) (alimony pendente lite and counsel fees); *Carangelo v. Carangelo*, 321 Pa.Super. 219, 467 A.2d 1333 (1983) (alimony, fees, costs, alimony pendente lite); *Sutliff v.*

*Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984) (alimony pendente lite); *DeWalt v. DeWalt,* 309 Pa.Super. 275, 455 A.2d 156 (1983) (alimony pendente lite).[1]

 Where a bifurcation Order and divorce decree are issued contemporaneously, post-trial motions may be filed from the divorce decree, raising the bifurcation issue therein. Similarly, if a bifurcation motion is denied earlier at that time, there must be an objection to the denial and the denial of that motion must be raised in timely filed post-trial motions after the entrance of the divorce decree to preserve the issue for appeal. Where, as here, an Order of bifurcation is opposed prior to the entrance of the divorce decree, opposition must be expressed in some fashion at the time the court granted bifurcation, and then, after the entrance of the divorce decree, post-trial motions must be filed, pursuant to Pa.R.C.P. 227.1, stating how the grounds were

1. The dissent would hold that Pa.R.C.P. 227.1 to 227.4 inclusive do not apply to cases listed in 1920.52(b)—1) child support, 2) alimony pendente lite, 3) counsel fees, costs and expenses, 4) uncontested action of divorce or 5) uncontested action for annulment. The only exception we would perceive to the procedures for review under 227.1–227.4 in the listing, is child support, which stands on an entirely different procedural and substantive basis than the others. Child support has traditionally been immediately appealable after entry of the Order because of possible hardship to the child and the need for accelerated resolution of those matters. While consolidation of child support matters in divorce actions is desirable for purpose of judicial efficiency, the unusual exigencies surrounding child support require that direct appeal from the Order should lie, and it not be subject to the limitations imposed by *Fried, supra.* Pa.R.C.P. 1910.11(h) provides no motion for post-trial relief may be filed to the final Order of support. As to the other actions, they are exclusively ancillary to the divorce action and inherent in the divorce proceeding under the Divorce Code of 1980. As such, they are governed by the Rules of Civil Procedure. Actions of Divorce or Annulment of Marriage, Pa.R.C.P. 1920.1 et seq., provides:

Rule 1920.1. Definitions. Conformity to Civil Action
. . . .
 (b) Except as otherwise provided in this chapter, the procedure in the action shall be in accordance with the rules relating to a civil action.
 We do not perceive any rules within the Divorce Rules which would except alimony, counsel fees, uncontested divorces or uncontested annulments from the appeal process of Rules 227.1–227.4.

asserted in the earlier proceeding. Grounds not timely alleged at pretrial proceedings or at trial are waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Because appellant has failed to file motions in accordance with Rules of Civil Procedure 227.1 to 227.4 inclusive, following the issuance of the divorce decree, she has not preserved any issues for review. The appeal, therefore, must be dismissed.

We do not find our holding affected by the recent Pennsylvania Supreme Court decision in *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). *Fried* dealt specifically with the interlocutory nature of Orders dealing with alimony pendente lite, counsel fees and expenses under 23 P.S. § 502. In applying the rationale of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), as adopted in Pennsylvania in *Bell v. Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975), the court in *Fried* held that the Orders were interlocutory and quashed the appeal. The basis for this finding was a determination that the Orders did not meet the third prong of the *Cohen* test, that being whether the question presented is such that if review is postponed the claimed right will be irreparably lost.

Here, a divorce decree itself is called into question and particularly as it relates to the propriety of bifurcation. Failure to allow appeal on the divorce decree prior to determination of all economic factors would, for practical purposes, cause the right to be lost. One of the most important factors in opposing bifurcation is the economic result which will occur if the divorce decree is granted before the resolution of economic matters. The determination of whether bifurcation should be granted is discretionary based on whether the consequences of bifurcating will be of greater benefit than not bifurcating. *Wolk, supra.* To deny review of this discretion as it relates to the divorce decree until all matters are resolved, essentially eliminates any possibility of providing the necessary relief. The conse-

quences of economic forces are eliminated as a factor in bifurcation if an appeal of the divorce decree cannot be taken until the resolution of the economic issues, which may not be until a year or more afterwards. If the decree is reversed because of the court's abuse of discretion, the underlying reason for preserving a consolidated proceeding will be preserved.

Thus, had the rights of appeal been properly preserved, we would have quashed the appeal as to bifurcation as being interlocutory and we would have granted the appeal as to the divorce decree which would have required us to consider the propriety of bifurcation as it related to the divorce decree.

Since no issues were preserved by post-trial motions we, therefore, quash the appeals in this case for failure to preserve any issues by filing timely exceptions in the court below.

The appeals at 1468 Pittsburgh, 1984 and 1469 Pittsburgh, 1984 are hereby quashed and the Decree of Divorce is affirmed.

ROWLEY, J., files a concurring and dissenting opinion.

ROWLEY, Judge, concurring and dissenting:

I agree with the majority that the bifurcation order from which the appeal at No. 1469 Pittsburgh, 1984 was taken is interlocutory and therefore not appealable. Therefore, I concur in the conclusion that the appeal at No. 1469 Pittsburgh, 1984 must be quashed. I also agree that a bifurcation issue may be properly raised in an appeal from a final divorce decree. Furthermore, I agree that the court may consider, and grant, a request by one of the parties for bifurcation prior to the filing of a Master's report. Finally, I agree that the Decree of Divorce entered by the trial court should be affirmed. However, because my reasons for affirmance of the divorce decree differ from those expressed by the majority, I respectfully dissent from the

remaining portions of the opinion and the order quashing the appeal at No. 1468 Pittsburgh, 1984.

As I understand it, the majority concludes that the bifurcation issue has not been properly preserved for appellate review. I do not agree. Therefore, I do not join in the majority's discussion regarding the necessity of filing post-trial motions pursuant to Pa.R.C.P. 227.1–227.4 in this case. Although the issue of bifurcation must be preserved by contesting the bifurcation in an appropriate manner before the bifurcation order is entered, I do not think that post-trial motions raising the bifurcation issue must be filed to a subsequent uncontested divorce decree. I am of the opinion that Rules 227.1–227.4 do not apply to orders entered pursuant to Rule 1920.52(b). Because the divorce itself was uncontested, Rule 1920.52(a), which explicitly requires the filing of post-trial motions pursuant to Rules 227.1–227.4, is inapplicable. On the contrary, Rule 1920.52(b) governs the procedure in this case. Rule 1920.52(b) does *not* require the filing of post-trial motions. Considering that the filing of post-trial motions is specifically mandated by Rule 1920.-52(a) but the requirement is omitted from Rule 1920.52(b), I would not hold that post-trial motions must be filed to an order entered pursuant to Rule 1920.52(b).

I recognize that in *Szakmeister v. Szakmeister,* 344 Pa.Super. 465, 496 A.2d 1199 (1985), *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984), *Carangelo v. Carangelo,* 321 Pa.Super. 219, 467 A.2d 1333 (1983), and *DeWalt v. DeWalt,* 309 Pa.Super. 275, 455 A.2d 156 (1983), our Court ruled that post-trial motions were required to be filed to some types of orders entered pursuant to Pa.R.C.P. 1920.-52(b). However, I think those cases are inapplicable for two reasons. First, none of those four cases involved a bifurcation order or an order granting an uncontested divorce; all involved orders regarding alimony *pendente lite,* counsel fees, or costs. Secondly, and more importantly, I think that the holding of those cases has been effectively overruled by the Supreme Court's decision in *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). In *Fried,* the

Supreme Court held that orders relating to alimony *pendente lite*, counsel fees and costs are interlocutory and not appealable. A corollary of this holding is that post-trial motions need not be filed to an interlocutory order made pursuant to Pa.R.C.P. 1920.52(b). I would hold that appellant was not required to file post-trial motions to the divorce decree in order to preserve its bifurcation issue for appellate review.

Having concluded that the merits of the issue raised by appellant are properly before us, I would affirm. First, I would not fault the trial court for its brief statement of October 12, 1984, in support of bifurcation. I do not think it is necessary for the trial court to explicitly detail all its reasons for making a bifurcation order at the time the order is entered. In this case, the trial court's post-appeal memorandum of July 17, 1985, adequately specifies the basis of the decision to bifurcate, and is sufficient to allow meaningful appellate review. My review of the record convinces me that the trial court did not abuse its discretion in ordering bifurcation. Therefore, since that is essentially the only issue raised on appeal, I agree that the divorce decree should be affirmed.

Secondly, I think it is unnecessary for the majority to raise the issue of the trial court's failure to provide a statement of reasons for granting the divorce pursuant to Pa.R.C.P. 1920.52(a). That rule requires the trial court to state the reasons for granting the divorce where the action of divorce has been "contested." Pa.R.C.P. 1920.52(a)(6). The divorce in this case was never contested. Appellant filed the complaint for divorce, averring that the marriage was irretrievably broken. Appellee filed an affidavit also stating that the marriage was irretrievably broken. Although appellant filed a counter-affidavit, she did not deny that the marriage was irretrievably broken, but only objected to the court granting the divorce prior to disposing of the economic claims. Thus, appellant did not contest the grounds for divorce, but only objected to "the timing of the divorce *vis a vis* the parties' economic claims." *Mandia v.*

*Mandia,* 341 Pa.Super. 116, 118, 491 A.2d 177, 178 (1985). Because the divorce itself was not contested, Rule 1920.-52(a) is inapplicable. The divorce here was "uncontested" and no statement of reasons was required. See Pa.R.C.P. 1920.52(b)(5).

Because I think that appellant did not need to file post-trial motions to either the bifurcation order or the divorce decree entered pursuant to Pa.R.C.P. 1920.52(b), I would reach the merits of her appeal. Having thoroughly reviewed the record, I find no abuse of the trial court's discretion in granting bifurcation, and I would affirm the trial court's decree of November 2, 1984. I would quash the appeal from the bifurcation order dated October 11, 1984.