604 A.2d 726

**Margaret Mary Pine BROWER**

v.

**James BROWER, Appellant.**

**Margaret Mary Pine BROWER**

v.

**James BROWER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1992.

Filed March 9, 1992.

50

---

Robert C. Keller, Media, for appellant.

Susan Cherner, Media, for appellee.

Before CIRILLO, DEL SOLE and KELLY, JJ.

CIRILLO, Judge:

This is a consolidation of two appeals by James Brower from an order of the Court of Common Pleas of Delaware County denying his petitions to vacate or reduce alimony and support payments. We quash the appeal insofar as it relates to support. We affirm the trial court's order insofar as it relates to alimony and counsel fees.

Appellant James Brower ("husband") and appellee Margaret Mary Pine Brower ("wife") were married in 1967. The Browers are the parents of two sons, one born in 1967 and the other born in 1971. The couple separated in the mid–1980s. On October 6, 1986 husband and wife signed a comprehensive property settlement agreement ("Agreement") which outlined the rights and responsibilities of each, divided their personal and real property between them, and specified the amount and duration of spousal and child support and educational expenses husband was to pay. The Agreement was voluntarily negotiated and entered into by the parties. Each party was represented by an attorney. The divorce decree and order entered on March 31, 1988 specifically incorporated the Agreement "as fully as though the same were set forth herein at length." [1]

In November of 1988, wife filed a petition for contempt because husband was in arrears in child support and alimony and had failed to provide medical insurance for her as required by the Agreement. In October of 1990, husband filed a petition to vacate or reduce alimony. In November

1. The Divorce Decree provides:
 AND NOW, this 31 day of March, 1988, it is ORDERED and DECREED that MARGARET MARY PINE BROWER, Plaintiff and JAMES McKEE BROWER, Defendant, are hereby divorced from the bonds of matrimony.
 IT IS FURTHER ORDERED and DECREED pursuant to Pa.R.C.P. 1920.1, et seq. and Act 26–1980, 23 P.S. § 1, et seq., "The Divorce Code", that the terms, provisions and conditions of a certain Property Settlement Agreement [Agreement] between the parties dated October 6, 1986, and attached to this Decree and Order as Exhibit "A" is hereby incorporated into this Decree and Order by reference as fully as though the same were set forth herein at length. Said Agreement shall not merge with but shall survive this Decree and Order and shall be incorporated for purposes of enforcement only.

of 1990, the trial court entered an order denying husband's petition to vacate or reduce alimony and referring wife's petition for contempt to a judge for a hearing. After a hearing on the contempt petition, the court entered an order on April 10, 1991, again denying husband's petition to modify alimony and directing husband to pay support for his younger son in the amount of $390.00 per month from October 1989 until his graduation from high school in June of 1990. In addition, husband was ordered to pay wife $9,200.00 within 90 days for his portion of their older son's college expenses, as required by the Agreement. Finally, finding that husband had intentionally failed to meet his financial responsibilities, the court ordered husband to pay wife $3,000.00 in attorney's fees, or $1,500.00 if paid within 90 days of the order.

On April 22, 1991, husband filed a motion for judgment notwithstanding the verdict. In her answer to the motion for J.N.O.V., wife pled as new matter husband's violation of Pa.R.C.P. 1920.52, which prohibits the filing of a motion for post-trial relief from support orders. On June 6, 1991, the trial court filed its order denying husband's post-trial motion. Husband filed a notice of appeal to this court on July 5, 1991. In response, wife filed a motion to quash husband's appeal for failure to file the appeal within thirty days of the date of the order. Wife's motion to quash was deferred to this panel to be decided in conjunction with husband's appeal.

Husband now presents the following issues for our review:

I. Whether the appellant should be obligated to pay child support in an excessive amount which would deprive him of a reasonable living standard?

II. Whether the parties['] property agreement expressing their desire to educate their children if able, continues to bind them if they are financially unable to contribute to their common desire?

III. Whether the appellant should be granted a modification in his alimony payment which was incorporated in his

property settlement agreement, if his financial condition has substantially changed?

■ Our scope of review of support orders is extremely narrow. A trial court has broad discretion in fashioning support awards and we will not reverse its decision unless there is insufficient evidence in the record to sustain it or the trial court abused its discretion. *Lesko v. Lesko*, 392 Pa.Super. 240, 243, 572 A.2d 780, 782 (1990). An abuse of discretion is "more than an error of judgment. It must be a misapplication of the law or an unreasonable exercise of judgment." *Marshall v. Ross*, 373 Pa.Super. 235, 238, 540 A.2d 954, 956 (1988). A finding of such abuse is not lightly made and must rest upon a showing of clear and convincing evidence. *Id.*

■ Here, the trial court's order combined two claims: husband's petition to modify or vacate alimony and wife's petition for contempt for failure to pay alimony and child support. "Although the trial court consolidated the matters raised in [wife's contempt] complaint with the claims raised by [husband] in the [alimony] proceeding, the [contempt] action and the [alimony] action *were two separate proceedings.*" *Baraff v. Baraff*, 338 Pa.Super. 203, 208, 487 A.2d 925, 928 (1985) (emphasis added). Each proceeding is governed by separate rules of procedure. Husband's alimony action is governed by Pennsylvania Rule of Civil Procedure 1920.52(a)(4) which provides, "In claims involving alimony the trial judge shall enter a decision which shall state the reasons therefor. The practice and procedure thereafter ... shall be in accordance with Rules of Civil Procedure 227.1 to 227.4 inclusive." Rules 227.1 to 227.4 concern post-trial relief and provide, *inter alia*, that written motions for post-trial relief must be filed within ten days after the verdict or decision of the court is filed. Pa.R.C.P. 227.1(a); (c)(1) & (2). Husband filed a timely motion for J.N.O.V. on April 22, 1991. *See* Pa.R.C.P. 106. The trial court's order denying husband's post-trial motion was filed on June 6, 1991. Husband filed his notice of appeal to this court on July 5, 1991, within the thirty day period prescribed by

54

Pennsylvania Rule of Appellate Procedure 903(a). There-fore, husband's appeal of the trial court's denial of his petition to vacate or modify alimony is properly before us.

Husband now contends that the trial court erred in failing to reduce his alimony payments. "The appellant maintains that the property settlement agreement was incorporated with the divorce decree thus allowing it to [be] subject to modification pursuant to the provisions of sections 401, 501(e), 501(f), and 503 of the Divorce Code." We disagree.

Section 401.1 of the Divorce Code, entitled "Effect of agreement between parties" provides:

(a) A party to an agreement regarding matters within the jurisdiction of the court under this act, *whether or not the agreement has been merged or incorporated into the decree,* may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

(b) A provision of the agreement regarding *child support,* visitation or custody *shall be subject to modification by the court upon a showing of changed circumstances.*

(c) *In the absence of a specific provision to the contrary appearing in the agreement,* a provision regarding the disposition of existing property rights and interests between the parties, *alimony,* alimony pendente lite, *counsel fees* or expenses *shall not be subject to modification by the court."*

23 Pa.C.S.A. § 401.1 [2] (emphasis added).

 Thus, under section 401.1, the terms of a property settlement agreement, whether incorporated, as the Brow-

2. April 2, 1980, P.L. 63, No. 26, § 401.1, added Feb. 12, 1988, P.L. 66, No. 13, § 2, effective immediately. 23 Pa.C.S. § 401.1 has been replaced by 23 Pa.C.S. § 3105, Dec. 19, 1990, P.L. 1240, No. 206, § 2, effective in 90 days. However, § 401.1 and § 3105 are virtually identical. As the divorce decree and order specifically incorporating the Agreement were entered March 31, 1988, after the March 12, 1988 effective date of § 401.1, we will analyze husband's appeal under § 401.1.

er's Agreement was, or merged, *cannot* be modified by a court unless the property agreement itself specifically provides for judicial modification. The Agreement signed by the Browers contains no "specific provision to the contrary," as required under section 401.1(c). In fact, paragraph fourteen of the Agreement provides that *"[n]o modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties ..."* (emphasis added). Husband voluntarily entered into the Agreement. He was represented by counsel of his choice. Paragraph three attests to the fact that *"[t]he provisions of this Agreement and their legal effect have been fully explained to the parties* by their respective counsel...." Husband cannot now be heard to complain that the trial court abused its discretion in failing to vacate or modify the alimony provided for in the Agreement when, *under the specific terms of that Agreement,* as well as under section 401.1 of the Divorce Code, the trial court is precluded from doing so.

Husband next contends that the trial court should have modified his alimony payments under section 501(e). This claim, too, lacks merit. Support *agreements,* which are contracts, cannot be equated with support *orders,* which are statutory creations. "Since the two are enforceable in distinct fashions and are governed by clearly distinguishable principles of law, the attempt to homogenize these principles into a unitary concept, which creates a third entity not envisioned by the law, must fail." *Sonder v. Sonder,* 378 Pa.Super. 474, 487, 549 A.2d 155, 162 (1988) (en banc). Here, husband is attempting to do just that. Husband petitioned the trial court to modify the alimony payments he had voluntarily negotiated and incorporated into the Agreement. However, the Agreement is a contract and can only be enforced under principles of contract law; it cannot be unilaterally modified by a court in the same manner as an alimony order. *Sonder, supra.* Thus, as the court never decreed an award of alimony pursuant to section 501 of the Divorce Code, the modification provisions of

section 501(e) are inapplicable. However, husband is correct in stating that sections 501(f) and 503 are applicable to this case. Section 501(f), which enables a voluntary support agreement to be considered an order of the court for enforcement purposes, permits a court to utilize the panoply of enforcement procedures listed in section 503 [3] to enforce voluntary support agreements.

It is well established that "[i]n Pennsylvania, a settlement agreement between a husband and wife is governed by the law of contracts unless the agreement itself provides otherwise." *Jackson v. Culp*, 400 Pa.Super. 519, 522, 583 A.2d 1236, 1238 (1990), *allocatur denied*, 529 Pa. 621, 600 A.2d 537 (1991) (citations omitted). The Brower Agreement contains no contrary provision; it merely provides that "[t]his Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania." Husband has made no allegation of fraud or mistake in the negotiation or execution of the Agreement. This court has long held that "[w]here parties to a divorce stipulate as to the amount of alimony to be paid, the court should accept the stipulation in the absence of fraud or overreaching by either

**3.** Section 503. *Enforcement of arrearages*
 If at any time a party is in arrears in the payment of alimony or alimony pendente lite as provided for in sections 501 and 502, after hearing, the court may, in order to effect payment of the arrearages:
 (1) Enter judgment.
 (2) Authorize the taking and seizure of the goods and chattels and collection of rents and profits of the real estate of the party.
 (3) Attach no more than 50% of the wages of the party.
 (4) Award interest on unpaid installments.
 (5) Require security to insure future payments.
 (6) Issue attachment proceedings, directed to the sheriff or other proper officer of the county, directing that the person named as having failed to comply with the court order be brought before the court at such time as the court may direct. If the court finds, after hearing, that the said person willfully failed to comply with the court order, it may deem said person in civil contempt of court and in its discretion make an appropriate order including, but not limited to, commitment of said person to the county jail for a period not to exceed six months.
 (7) Award counsel fees and costs.
 23 Pa.C.S.A. § 3703. As amended Feb. 12, 1988, P.L. 66, No. 13, § 3, immediately effective.

party and enter an order accordingly." *Lyall v. Lyall,* 240 Pa.Super. 649, 653, 361 A.2d 367, 369 (1976), citing *Strickler v. Strickler,* 138 Pa.Super 34, 10 A.2d 69 (1939); *Hall v. Hall,* 97 Pa.Super. 429 (1929). The trial court did so, by incorporating the Agreement into the divorce decree. "Because no appeal asserting fraud or mistake in the execution of the [Agreement] was taken from the divorce decree, the [Agreement] must be deemed to be valid." *Jackson,* 400 Pa.Super. at 524, 583 A.2d at 1239.

As the Agreement is deemed to be valid, reformation is not possible. The Agreement stands unimpeached.

> So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife *without the consent of both parties* ... Absent such impeachment, there is no authority for the court to cancel a contract made by the parties and in its place substitute one which it thinks proper but which as a matter of fact the parties had never assented to.

*Litwack v. Litwack,* 289 Pa.Super. 405, 409, 433 A.2d 514, 516 (1981) (emphasis supplied).

Wife does not consent to vacating or modifying the alimony payments due her under the terms of the Agreement. *Litwack, supra.* Therefore, husband is bound by his contract. "None of the elements of due process, court review, and appealability are involved in agreements such as these, which are private undertakings between two parties, each having responded to the 'give and take' of negotiations and bargained consideration. As such, they are governed by the law of contracts." *Sonder,* 378 Pa.Super. at 488, 549 A.2d at 162 (citations omitted). Therefore, husband is bound by his contract. The trial court did not err in denying husband's petition to alter the alimony payments.

■ We note that under section 401.1(b), a provision providing for *child support* in a separation agreement, unlike one providing for alimony, *is* subject to modification by a trial court if the payor can establish changed circum-

stances. However, we are unable to apply section 401.1(b) to the circumstances of this case. Husband failed to file a timely notice of appeal to this court of the support issues covered by the trial court order of April 10, 1991. The Note to Pennsylvania Rule of Civil Procedure 227.1 states: "The filing of a motion for post-trial relief is *prohibited* by the following rules, ... Rules 1910.11(k) and 1910.12(g) (*orders of support*)...." (emphasis added). Thus husband's post-trial motion for J.N.O.V., which was appropriate for appealing the denial of modification of alimony, was inappropriate for appealing the support portions of the trial court's order. The trial court's order of April 10, 1991 was a final order. "At that point, appellant's remedy was to pay the amount of the Judgment, petition to strike or open the Judgment, or appeal therefrom within 30 days. *See* Explanatory Note to Pa.R.C.P.1910.23." *Baraff,* 338 Pa.Super. at 209, 487 A.2d at 928. *See also Manze v. Manze,* 362 Pa.Super. 153, 523 A.2d 821 (1987) ("exceptions [post-trial motions] may not be filed to a determination dismissing a petition to terminate support and that determination *should be appealed directly.*") Furthermore,

> *"The lower court's acceptance of, and ruling on, the post-trial motions does not extend the time for filing of an appeal from the Order of [April 10, 1991].* Short of vacating that Order prior to the thirty days from its entry to allow for reconsideration, the court had no jurisdiction thereafter to act on that Order and it was without authority to rule on post-trial motions as it was limited by Pa.R.C.P. 1910.11(k).

*Scheidemantle v. Senka,* 371 Pa.Super. 500, 506, 538 A.2d 552, 556–557 (1988) (emphasis added); *cf. Johnson v. Johnson,* 357 Pa.Super. 248, 515 A.2d 960 (1986), *allocatur denied,* 515 Pa. 581, 527 A.2d 541 (holding that when there is no provision in the rules of civil procedure for the filing of post-trial motions, it was improper for the executrix to file post-trial motions, and the filing of such motions did not extend the time in which an appeal could be filed).

Husband filed his notice of appeal to this court on July 5, 1991, within thirty days of the trial court's denial of his post-trial motion on June 6, 1991. However, the notice of appeal had to be filed within thirty days of the entry *of the order from which the appeal is taken*, Pa.R.A.P. 903(a), here the trial court's order of April 10, 1991. *Baraff, supra; Manze, supra; see also* Pa.R.C.P. 1910.11(k), 1910.-12(g). As a result of his failure to file a timely notice of appeal of the trial court order assessing support payments and college expenses against him, husband has waived his right to have us review his first two issues.

We conclude that there is sufficient evidence in the record to sustain the trial court's order, and that the trial court did not abuse its discretion. *Lesko, supra.* We, therefore, grant wife's motion to quash husband's appeal, insofar as it relates to support, and we affirm the order of the trial court insofar as it relates to alimony and counsel fees.