ZULICK, J.,
FINDINGS OF FACT
1. Plaintiff Susan M. Leonard (mother) and defendant Robert F. Leonard (father) were married on October 14, 1989. Two children were bom of the marriage, Julia, now age 20, and Ann, now age 17.
2. The Leonards obtained a divorce in this court on January 10, 2003.
*323 3. The parties signed a Marital Settlement Agreement (MSA) on November 27, 2002. Plaintiff’s Exhibit 1.
4. The MSA was incorporated, but not merged into the divorce decree. Id.
5. Paragraph (8)(j) of the MSA provides:
Husband agrees to pay no less than 50% of each child’s undergraduate college education costs. These costs include, but are not limited to, such items as room and board, tuition, books, transportation and clothing. This obligation will cease on graduation or withdrawal from college by each child respectively.
Plaintiff’s Exhibit 1.
6. Paragraph 11 addresses child support:
...The parties further agree that husband shall pay wife $2,208.00 monthly child support, with $1,104.00 due on the first day of the month and $1,104.00 due on the fifteenth day of the month. Child support obligation shall terminate upon each child’s emancipation. The children will be emancipated on: (1) reaching age twenty-one (21); or (2) entry into the armed forces; or (3) marriage; or (4) becoming self-supporting. In addition the parties agree that this child support agreement will be filed through the office of domestic relations, Monroe County, Pennsylvania.
Plaintiff’s Exhibit 1.
7. Neither of the children has been emancipated.
8. Julia Leonard is currently a junior at Saint Joseph’s *324 University, a four year, private school in Philadelphia.
9. Father has not directly contributed 50% of Julia’s college expenses since she matriculated.
10. The parties agreed to modify father’s child support obligation in 2006 after father objected to paying the amount of support in the MSA. Mother filed a support action in this court which has established the amount of father’s support obligation since that time.
11. Father has paid court-ordered child support for Julia since she has been in college.
12. Julia’s total expenses for her freshman and sophomore years were $117,133.98. Julia obtained grants and scholarships of $54,427.00 for her freshman and sophomore years. The balance paid by loans or direct payments on Julia’s behalf was $62,706.98.
DISCUSSION
The Leonards’ MSA was incorporated but not merged into the divorce decree. The agreement must therefore be analyzed under general contract principles. See Brower v. Brower, 604 A.2d 726, 730 (Pa. Super. 1998). “We are not permitted to review the reasonableness of a marital settlement agreement to determine its validity.... [Past case law] abolished prior, paternalistic approaches to enforcing such agreements and announced, ‘absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements'” Paroly v. Paroly, 876 A.2d 1061, 1065 (Pa. Super. 2005) (emphasis added).
When interpreting the language of a contract, the *325 intention of the parties is a paramount consideration. In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language was chosen carelessly. When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties’ intent.
Stamerro v. Stamerro, 889 A.2d 1251, 1258 (Pa. Super. 2005).
Furthermore, “(w)hen the parties have reduced their agreement to writing, the writing is to be taken to be the final expression of their intention.... Where the contract evidences care in its preparation, it will be presumed that its words were employed deliberately and with attention.” Steuart v. McChesney, 444 A.2d 659, 662 (Pa. 1982) (quoting 17A C.J.S. Contracts §296(2)).
Mother alleges that father owes $31,353.49 for 50% of Julia’s college expenses thus far, and demands that he pay 50% of both daughters’ undergraduate education expense, per the parties’ agreement. Plaintiff’s Exhibit 2. Father acknowledges that he owes a 50% contribution toward college expenses under the agreement, but contends that he is entitled to credit for the $27,520.50 that he has paid in child support for Julia while she has been attending St. Joseph’s. Father also seeks a continuing credit to be applied to the college tuition for so long as his child support is deducted as a wage attachment.
Father clearly agreed to pay child support until his daughters were 21 or emancipated and to contribute 50% *326 to their college educations in the parties’ agreement. His obligation to contribute to their college educations under the agreement is not modifiable by this court. Lipschutz v. Lipschutz, 571 A.2d 1046 (Pa. Super. 1990); 23 Pa.C.S.A. §3105(c). Parents may contract to both pay child support and contribute to the expense of a college education in a post nuptial agreement. See Fina v. Fina, 737 A.2d 760 (Pa. Super. 1999).
Father’s child support obligation under the agreement is modifiable:
§3105. Effect of agreement between parties
(b) Certain provisions subject to modification. — A provision of an agreement regarding child support... shall be subject to modification by the court upon a showing of changed circumstances.
The parties agreed to modify the amount of father’s child support obligation under the MSA when mother filed a complaint for child support with this court on September 11,2006. Since that time, father’s child support obligation has been determined by court proceedings, not the parties’ MSA. Both parties have accepted those support determinations.
Father has been paying $615.00 per month for “private school” for his daughters under the support order. Both girls attended Notre Dame High School at the time of the last order on December 13, 2010. However, Julia has not attended high school for the past 30 months. Father requests a credit of 50% of his high school tuition payment ($615.00) or $307.50 for 30 months or $9,225.00. This *327 request will be granted.
Father also requests a credit for the child support he has paid for Julia during this time. This request will be denied. He agreed to pay child support for Julia until she was 21 in the parties’ agreement. He has been paying this obligation through his child support order and he did not seek a modification based upon a change of circumstances. Likewise, mother did not seek a modification of father’s high school tuition payment, although the cost of tuition for Ann may have increased since Julia left high school. These issues are not before the court for decision on this request to enforce father’s college expense obligation.
ORDER
And now this 11th day of December, 2014, after hearing on plaintiff Susan M. Leonard’s petition for special relief for enforcement of marital settlement agreement, it is ordered as follows:
1. Robert F. Leonard has an obligation to pay for his daughters’ college expenses under paragraph 8 of the parties’ marital settlement agreement.
2. Robert F. Leonard is entitled to a credit of $9,225.00 for payments he made to Susan M. Leonard for high school tuition under his child support order.
3. Robert F. Leonard will be entitled to $307.50 credit per month as long as he continues to pay the high school tuition payment of $615.00 for Julia Leonard under the current support order.
4. Mr. Leonard shall reimburse Susan M. Leonard *328 for Julia Leonard’s college expenses in the amount of $22,128.49 within thirty (30) days;
5. Mr. Leonard shall reimburse Ms. Leonard for 50% of Julia’s future college expenses, including room and board, tuition, books, transportation, and clothing, until Julia’s graduation or withdrawal from college, within 30 days of Ms. Leonard’s tender to Mr. Leonard of bills and receipts for the expenses. College expenses are those expenses remaining after application of grants and scholarships.
6. This order shall also apply to Ann’s college expenses, in the event that Ann attends college.
7. Ms. Leonard may take judgment by praecipe for any unpaid amounts in the event that Mr. Leonard does not pay her $22,128.49 within thirty days.