J. S76014/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE G. BRITT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER B. BRITT, | : | No. 898 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order, May 20, 2014,
in the Court of Common Pleas of Erie County
Civil Division at No. 15286-2010

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 10, 2015**

Appellant, Christopher B. Britt ("Husband"), appeals from the order dated May 20, 2014, that granted appellee, Christine G. Britt's ("Wife") petition for special relief in this divorce dispute.  After careful review, we reverse and remand.

The relevant facts and procedural history of this case are as follows. On November 18, 2010, Wife filed for divorce against Husband.  On June 15, 2012, Wife filed her affidavit of consent to divorce, followed by Husband on October 8, 2012.  On October 10, 2012, the parties entered into a Marital Settlement Agreement ("the Agreement").  The Agreement was incorporated into the parties' October 12, 2012 divorce decree.  The subject of this appeal concerns a paragraph that directed Husband to transfer the fixed amount of

$42,000 from his Erie Insurance 401(k) Savings Plan to Wife by tax-free rollover.  Specifically, Paragraph 9 of the Agreement provided as follows:

> 9.  HUSBAND'S ERIE INSURANCE 401(K) SAVINGS PLAN
>
> Husband agrees to transfer to Wife via a Qualified Domestic Relations Order the sum of $42,000.00 from his Erie Insurance 401(k) Savings Plan.  This transfer will take place so as to constitute a tax free rollover.  Counsel for Wife shall prepare the Qualified Domestic Relations Order relating to Husband's Erie Insurance 401(k) Savings Plan.

Paragraph 11 of the Agreement addressed the parties' insurance policies and pension plans as follows:

> 11.  INSURANCE POLICIES AND PENSION RIGHTS
>
> Unless and except as otherwise provided herein, each of the parties agrees that the other, after execution of this Agreement, shall have the right to make any changes in his or her respective insurance policies, including, but not limited to, change of his or her beneficiary, increasing or decreasing the coverage amount, or cancellation of such policies.  Except as provided for herein, each party releases any rights he or she may have in the vested pension and/or retirement rights of the other.

Following the execution of the Agreement, Husband requested Wife to allow him to transfer to her the entirety of his Transamerica Diversified 401(k) account so he could access the Erie Insurance account in order to purchase a home with his new wife.  On November 26, 2012, Wife agreed to Husband's request.  Because the parties did not know the exact

balance of the Transamerica Diversified Account at that time, they agreed that in the event the Transamerica account balance exceeded $42,000, Wife was to pay Husband the amount by which the account exceeded $42,000. If the Transamerica Diversified Account balance fell short of $42,000, Husband was to pay Wife the difference.

For reasons not entirely clear, the matter stagnated for over a year. When Wife's counsel submitted the first draft of the Qualified Domestic Relations Order ("QDRO"), Wife raised a claim that she should have a share of any post-separation increase in value of the Transamerica Diversified Account beyond the $42,000 she originally agreed to accept. Husband did not agree with Wife's claim that she was entitled to any increase in the value of the account.

On March 12, 2014, Wife filed a petition for special relief claiming that Husband had not complied with an oral agreement on the distribution of a retirement account to her. A hearing was scheduled for May 5, 2014. The parties and counsel appeared. On May 20, 2014, the trial court entered an order determining that the parties had reached an oral agreement modifying their written Agreement, and awarded Wife a share of the post-separation increase in Husband's Transamerica Diversified Account, in addition to the $42,000 rollover provided in the Agreement.

Husband filed a timely appeal on June 2, 2014; and on June 10, 2014, the trial court issued a Rule 1925(b) order. Husband filed his initial

Rule 1925(b) statement on June 30, 2014, reserving the right to amend upon receipt of the May 5, 2014 transcript. The transcript was filed on July 17, 2014, and the trial court issued its opinion on July 22, 2014. Husband filed an amended Rule 1925(b) statement on August 4, 2014.[1]

Husband raises two issues for our consideration:

> 1. Did not the trial court err in awarding [Wife] a share of the post separation earnings of [Husband's] retirement account in that there is no record evidence to support the decision?
>
> 2. Did not the trial court err in determining that the parties created an oral modification to the written marital settlement agreement that granted [Wife] a share of post separation increase in value in the retirement plan?

Husband's brief at 5. We will address these issues together.

We review a trial court's decision to grant special relief in a divorce action under an abuse of discretion standard:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Prol v. Prol***, 935 A.2d 547, 551 (Pa.Super. 2007) (citation omitted).

---

[1] We note Husband had not been granted permission to file an amended Rule 1925(b) statement. However, the issues raised in his timely June 30, 2014 Rule 1925(b) statement are preserved.

Husband argues that the trial court erred when it refused to hear testimony or receive any evidence at the May 5, 2014 hearing, and instead used its "equitable powers" to modify the Agreement. We have reviewed the transcript contained in the certified record, and Husband is correct that the trial court declined to hear testimony from either Husband or Wife at the May 5th hearing. Wife's counsel spoke of a "side deal" the parties allegedly made "outside of counsel in November of 2012" that called for Wife to get an increased amount. (Notes of testimony, 5/5/14 at 10, 12, 15.) Husband's counsel strongly disagreed with Wife's counsel's statements and pointed out that on November 19, 2012, a proposed addendum to the Agreement was sent to Wife's counsel which provided for $42,000 from the Transamerica Diversified Account as opposed to the Erie Insurance 401(k) Savings Plan. (*Id.* at 8.) A year passed before Wife's counsel responded with the request that Wife receive the increased value of the account above the original $42,000. (*Id.* at 8-9.) According to Wife's counsel, the Transamerica Diversified Account's value had increased to $58,000. (*Id.* at 9.)

The trial court explained its decision to award Wife an amount beyond $42,000 as follows:

> The crux of the parties' agreement was [Wife] was to receive the account, and was to ultimately end up receiving a net value, at that time, of $42,000.00, after either reimbursing [Husband] for any "overpayment" or receiving a supplemental payment from [Husband] for any "underpayment." The account was never transferred. The account grew in value. **The Court exercised its equitable powers**

> **in resolving the dispute which subsequently arose with regard to the increase in the value of the Diversified account.**

Trial court opinion, 7/22/14 at 5[2] (emphasis added).

Husband maintains the trial court erred when it attempted to justify its decision by referring to its equity powers. In support of his position, Husband cites to Section 3105 of the Divorce Code which provides as follows:

> **§ 3105. Effect of agreement between parties**
>
> **(c) Certain provisions not subject to modification.--**In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony **pendente lite**, counsel fees or expenses shall not be subject to modification by the court.

23 Pa.C.S.A. § 3105(c). **See also Stamerro v. Stamerro**, 889 A.2d 1251, 1258 (Pa.Super. 2005) (when enforcing an agreement, the court must ascertain the intent of the parties and it cannot modify or vary the agreement unless there is "conclusive proof" of fraud, misrepresentation, or duress, or the agreement provides for judicial modification); **Brower v. Brower**, 604 A.2d 726, 731 (Pa.Super. 1992) (the terms of a marital

---

[2] We note the trial court's order granting Wife's petition for special relief is vague in determining an actual dollar amount: "[Wife] shall also pay to [Husband] a pro rata share of any growth on said difference (the difference being the amount by which the account exceeded $42,000.00 as of November 26, 2012) to the date of transfer."

settlement agreement cannot be modified by a court in the absence of a specific provision in the agreement providing for judicial modification).

Our review indicates the parties may have attempted to modify their agreement to provide Wife with a different source of funds than set out in the Agreement; however, the record does not support any agreement by the parties that Wife would get more than the specific amount of $42,000.

Additionally, the parties' Agreement contained a specific paragraph regarding modification. Specifically, Paragraph 18 provides:

> 18. MODIFICATION
>
> No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

Based on this provision, any modification was to be in writing and signed by both parties. Accordingly, any alleged "side deal" between the parties was required to be in writing and signed by the parties in order to properly modify the Agreement.

Based on this record, the parties have not modified the Agreement and the trial court had no authority to change the Agreement for them. Therefore, we reverse the order of the trial court and remand for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Order reversed. Case remanded. Jurisdiction relinquished.

J. S76014/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015