Stuart P. **BRIAN** a/k/a Stuart Brian, Appellee,

v.

Leslie **BRIAN** a/k/a Leslie V. Daughtry, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 27, 2004.
Filed April 8, 2005.

Richard I. Moore, South Hampton, for appellant.

Ned Hark, Philadelphia, for appellee.

BEFORE: BENDER, McCAFFERY, and POPOVICH, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 In this appeal, we are asked to determine whether a bifurcated divorce decree must be vacated because the trial court failed to provide any explanation regarding its reasoning for granting bifurcation. We conclude the relevant case law dictates that the trial court must explain its reasoning for a bifurcation order, on the record, either prior to the entry of a bifurcation order or within the order itself. Accordingly, we vacate the bifurcated divorcee decree and order entered in the Philadelphia County Court of Common Pleas which divorced Appellant, Leslie Brian a/k/a Leslie V. Daughtry ("Wife"), from Appellee, Stuart P. Brian a/k/a Stuart Brian ("Husband") and remand for further proceedings consistent with this opinion.

¶ 2 Wife and Husband were married in December 1992. Wife has three children from a previous marriage. (Master's Report, filed 5/30/03, at 1–2). On March 21, 2000, the parties entered into an agreement which purported to resolve their economic claims.[1] Approximately one year later, Husband filed for divorce and Wife responded by filing an answer and counterclaim for divorce, but both parties eventually filed affidavits of consent.[2] Husband filed a petition for bifurcation on February 3, 2003. After hearing brief argument on the matter, the Honorable Jerome A. Zaleski granted the petition for bifurcation in an order issued on April 14, 2003.[3] Husband filed a praecipe to transmit the record on February 25, 2004, and

---

1. After a hearing, Master Anthony T. Vanore determined that the March 21, 2000 agreement did not constitute a legal, valid and binding agreement between the parties regarding the economic issues relating to their marriage. (Master's Report at 6).

2. In the interval prior to the filing of the affidavits of consent, several ancillary matters were litigated, including Wife's petition for alimony *pendente lite*.

3. We note that Judge Zaleski did not file a 1925(a) opinion because he had retired from judicial service by the time the instant appeal was filed.

the Honorable Idee C. Fox issued the bifurcated divorce decree and order in this case on February 26, 2004. Wife timely filed the instant appeal wherein she raises the following issues:

1. DID THE TRIAL COURT ERR IN FAILING TO GIVE WIFE TIMELY NOTICE THAT HUSBAND'S PETITION FOR BIFURCATION HAS [SIC] BEEN GRANTED, THUS PRECLUDING ANY OPPORTUNITY FOR WIFE TO REQUEST TIMELY RECONSIDERATION AND/OR REVIEW OF SUCH BIFURCATION ORDER PRIOR TO THE EXPIRATION OF ANY APPLICABLE TIME LIMITATIONS?

2. DID THE TRIAL COURT ERR IN GRANTING HUSBAND'S PETITION FOR BIFURCATION AND SUBSEQUENTLY ENTERING THE DECREE AND ORDER ON FEBRUARY 26, 2004, DIVORCING THE PARTIES, WHERE HUSBAND HAS CONTINUOUSLY APPEALED EVERY ORDER ENTERED BY THE TRIAL COURT CONCERNING SUPPORT AND OTHER ISSUES, AND DELIBERATELY AND INTENTIONALLY PROTRACTED THE PROCEEDINGS SO THERE HAS [SIC] BEEN NO EQUITABLE DISTRIBUTION PROCEEDINGS?

3. DID THE TRIAL COURT ERR IN GRANTING HUSBAND'S PETITION FOR BIFURCATION AND SUBSEQUENTLY ENTERING THE DECREE AND ORDER ON FEBRUARY 26, 2004, DIVORCING THE PARTIES, WHERE THE BIFURCATION DECREE ALLOWS HUSBAND TO REMARRY AND THUS, SINCE NO EQUITABLE DISTRIBUTION PROCEEDINGS HAVE YET OCCURRED, THE MARITAL ESTATE AND/OR PROPERTY MAY BE DISSIPATED AND/OR ALIENATED BY ANY REMARRIAGE BY HUSBAND?

(Wife's Brief at 4).

■■■ ¶3 We begin by noting that this appeal is properly before us: a divorce decree entered pursuant to a bifurcation order is a final and appealable order, although a bifurcation order alone, entered prior to a divorce decree, is interlocutory. *Savage v. Savage*, 736 A.2d 633, 643–644 (Pa.Super.1999). Further, it is well settled that we will review the issuance of a bifurcation order using an abuse of discretion standard. *Id.*

■■ ¶4 In the case *sub judice*, Wife argues that the divorce decree and order at issue must be vacated and the case remanded for a new hearing because the trial court did not specify its reasoning for its bifurcation order, as it is required to do. (Wife's Brief at 10). Upon review, we agree.

■■ ¶5 This Court has consistently held that when issuing a bifurcation order, trial courts must thoroughly explain their underlying reasoning:

Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion standard. So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case.

*Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359, 1362 (1983). Moreover, "[t]his explo-

ration must be done before the decision is rendered and explained when the [bifurcation] Order is issued. It is not sufficient to do so only ... when appeal is taken." *Mosier v. Mosier*, 359 Pa.Super. 187, 518 A.2d 843, 846 (1986).

¶ 6 Unfortunately in this case, the trial court did not provide *any* explanation as to the reasoning underlying the bifurcation order. While Judge Zaleski did conduct a brief hearing prior to the entry of the bifurcation order, he did not engage in any discussion on the record, either during the hearing or in the order itself, regarding his reasons for granting bifurcation in this case. And, even if Judge Zaleski had filed a 1925(a) opinion, it would not have salvaged the matter because under the relevant case law, a judicial explanation regarding the reasons for bifurcation must be provided, on the record, *prior* to the entry of a bifurcation order or within the order itself. *See Mosier, supra.* Accordingly, we are constrained to vacate the trial court's divorce decree and order and remand for a hearing in accordance with this opinion.[4]

¶ 7 Order vacated and case remanded. Jurisdiction relinquished.

---

4. Due to the disposition of this case, we need not address the other contentions in Wife's brief.