J. S82030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOANNA KOVALESKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEN ANDREW KOVALESKI, | : | |
| APPELLANT | : | |
| | : | No. 455 MDA 2016 |

Appeal from the Order Entered February 17, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2015 FC 41393

BEFORE: OTT, DUBOW, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 13, 2017**

Appellant, Ken Andrew Kovaleski, appeals from the Divorce Decree entered on February 17, 2016, in the Lackawanna County Court of Common Pleas. We vacate in part and quash in part.

The relevant facts and procedural history as gleaned from the record are as follows. Appellant and Joanna Kovaleski, Appellee, married on September 2, 2006. On July 4, 2012, the parties separated when Appellant left the marital home after being accused of raping one of the parties' children.

On February 26, 2014, a jury convicted Appellant of Rape By Forcible Compulsion, Statutory Sexual Assault, Incest, and numerous other offenses.

---

[*] Retired Senior Judge Assigned to the Superior Court.

The court sentenced him to an aggregate term of 15 to 30 years' incarceration.

On October 29, 2015, Appellee filed a Complaint in divorce pursuant to 23 Pa.C.S. § 3301(a)(6)[1] and 23 Pa.C.S. § 3301(a)(2),[2] and sought equitable distribution pursuant to 23 Pa.C.S. § 3502.[3] On December 2, 2015, Appellee's counsel filed a Proof of Service attesting that she served Appellant with the Complaint and an Amended Complaint on November 16, 2015, by certified mail, at his place of residence,[4] and received a signed receipt and return on November 18, 2015.

On December 30, 2015, although no Petition for Bifurcation appears in the record, the trial court entered an Order bifurcating Appellee's divorce

---

[1] A plaintiff establishes grounds for divorce pursuant to this subsection if the court determines that the defendant "[o]ffered such indignities to the innocent and injured spouse as to render that spouse's condition intolerable and life burdensome." 23 Pa.C.S. § 3301(a)(6).

[2] A plaintiff establishes grounds for divorce pursuant to this subsection if the court determines that the defendant "[c]omitted adultery." 23 Pa.C.S. § 3301(a)(2).

[3] On November 4, 2015, Appellee filed an Amended Complaint, which appears to this Court to be identical in all respects to the Complaint filed on October 29, 2015. The record also includes a subsequent Amended Complaint, verified on December 29, 2015, served on Appellant at SCI Rockview on February 11, 2016, and docketed on February 17, 2016. This Amended Complaint included as grounds for divorce 23 Pa.C.S. § 3301(a)(5) ("[b]een sentenced to imprisonment for a term of two or more years upon conviction of having committed a crime[]"), and 23 Pa.C.S. § 3301(a)(6), and removed reference to 23 Pa.C.S. § 3301(a)(2).

[4] SCI Rockview, Box A, Rockview Place, Bellefonte, PA 16823.

action from her economic claims, and scheduling an "[e]xpedited hearing on [Appellee's] Decree in Divorce" for January 25, 2016.  *See* Trial Ct. Order, 12/30/15.

On January 22, 2016, Appellant filed a *pro se* Notice of Appeal from the court's December 30, 2015 Order.  Appellant invoked Pa.R.A.P. 311 (appeals from interlocutory orders as of right) as the basis for his appeal.[5]  Consequently, on January 25, 2016, the court issued an Order continuing the hearing on Appellee's "Petition for Bifurcation"[6] until February 17, 2016.  *See* Trial Ct. Order, 1/25/16.

The court held a hearing on Appellee's Divorce Complaint on February 17, 2016.  Appellant participated in the hearing by telephone at SCI Rockville, but abruptly and purposefully disconnected the line before either he or Appellee had testified about the substantive issues raised in Appellee's

---

[5] On February 10, 2016, Appellee filed a Petition to Strike Appeal, in which she alleged that Appellant's appeal from the trial court's December 30, 2015 Bifurcation Order should be stricken as improper because Appellant filed neither an *In Forma Pauperis* Petition or paid the appeal filing fee.  The trial court granted Appellee's Petition on February 10, 2016, and struck Appellant's appeal with prejudice.  The record reflects that Appellee served Appellant at SCI Rockville with a copy of her Petition to Strike the Appeal and the court's Order by U.S. Mail on February 11, 2016.

[6] We assume that the trial court's reference to a February 17, 2016 hearing on Appellee's Petition for Bifurcation was a typographical error as the court had already entered an Order granting this Petition—and Appellant had taken an appeal from it—on December 30, 2015.  Rather, our review of the Notes of Testimony from the February 17, 2016 hearing, and the trial court's Pa.R.A.P. 1925(a) Opinion, indicate that this hearing was intended to be, and indeed was, a hearing on Appellee's Divorce Complaint.

Complaint. The court then took Appellee's testimony, following which it entered an Order on February 17, 2016, granting Appellee a fault divorce pursuant to 23 Pa.C.S. § 3301(a)(5) and 23 Pa.C.S. § 3301(a)(6).

On March 5, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following six issues on appeal:

1. Did [the] Lackawanna County Court of Common Pleas err by bifurcating the economic claims from the divorce claims when no [P]etition for bifurcation was filed on the docket, no notice of bifurcation was provided to [d]efendant, no bifurcation hearing was conducted, and a bifurcation Order issued without the [d]efendant being given any chance to respond?

2. Did the Lackawanna County Court of Common Pleas err by proceeding in a divorce action against an incarcerated [d]efendant who neither was properly served by mail as outlined by Pa.R.C.P. 1930.4(c) nor was supplied proper notice of said action as the notice received did not provide specific notice of his right to apply to the court for a writ of *habeas corpus ad testificandum* to enable him to attend the hearing?

4. Did [the] Lackawanna County Court of Common Pleas err when it hijacked jurisdiction/venue by hearing this matter over [Appellant's] objections when neither [Appellee nor Appellant] resided in Lackawanna County at any time during the pendency of this action which is contrary to 23 Pa.C.S.[] § 3104(e) and Pa.R.C.P. 1920.2.

4. Did [the] Lackawanna County Court of Common Pleas err by quashing [Appellant's] properly filed [i]nterlocutory [a]ppeal as of right for failure to file *In Forma Pauperis* in direct violation of Pa.R.A.P. [ ] 902, and when [Appellant] did notify the Prothonotary of [his] request to proceed *In Forma Pauperis* and specifically asked to be advised of any additional documentation needed to fulfill [an] *In Forma Pauperis* request?

- 4 -

5. Did [the] Lackawanna County Court of Common Pleas err by refusing to recognize [Appellant's] second proper [i]nterlocutory [a]ppeal that was filed pursuant to the Prisoner's Mailbox Rule on February 8, 2016?

6. Did [the] Lackawanna County Court of Common Pleas err when it granted [Appellee] a fault divorce when the parties had lived "separate and apart" far less than the two year time period required by 23 Pa.C.S.[] § 3301?

Appellant's Brief at 4-5 (reordered for ease of disposition).

In his first issue, Appellant claims that the trial court erred in bifurcating this divorce action when no Petition for Bifurcation was filed on the docket, Appellant was not provided with notice of the Petition and a hearing, the court failed to conduct a bifurcation hearing, and the court issued a bifurcation Order without Appellant being given a chance to respond. *Id.* at 17-19.

Pursuant to Section 3323(c.1) of the Divorce Code, a trial court may enter a Divorce Decree prior to resolution of the economic issues between the parties either with the consent of both parties or if the movant demonstrates that compelling circumstances exist for entry of the Divorce Decree. *See* 23 Pa.C.S. § 3323(c.1). An Order granting a Petition for Bifurcation is interlocutory; however once the court has entered a divorce decree, a bifurcation Order is immediately appealable. *See Savage v. Savage*, 736 A.2d 633, 643-44 (Pa. Super. 1999); *see also Curran v. Curran*, 667 A.2d 1155, 1157 (Pa. Super. 1995). We review a trial court's Order bifurcating a divorce action for an abuse of its discretion. *Savage*,

*supra* at 644. We defer to the trial court's discretion "[s]o long as the trial judge assemble[d] adequate information, thoughtfully studie[d] this information, and then explain[ed] his decision . . . [T]his determination should be the result of a reflective examination of the individual facts of each case." *Id.* (citation omitted).

Appellant essentially argues on appeal that the trial court abused its discretion in entering the bifurcation Order both because Appellant did not have notice of Appellee's Bifurcation Petition and a hearing thereon, and because the court did not actually conduct a hearing on the Petition.[7] Following our review of the record in this matter, we are compelled to agree with Appellant.

We note a conspicuous absence in the record of a Petition for Bifurcation, and a Notice scheduling a hearing on the Petition, which took place on December 30, 2015. Moreover, our review of the Notes of Testimony from the February 17, 2016 hearing on Appellee's Divorce Complaint indicates that Appellant informed the court that he did not have notice of the Bifurcation Petition and that it did not appear on the docket. N.T., 2/17/16, at 9. Appellee's counsel conceded that the Petition was filed initially at the incorrect docket number, but alleged that it had been

---

[7] Because the trial court entered a divorce decree in this matter on February 17, 2016, an appeal from the court's bifurcation Order is properly before this Court. *See Savage*, *supra*.

- 6 -

"transferred to the correct docket number." ***Id.*** Nothing in the record supports this contention.

We find, therefore, that Appellant did not have notice of Appellee's desire to bifurcate the divorce and economic claims, and was deprived of the opportunity to state his objections on the record at a hearing. Accordingly, the trial court erred in entering its December 30, 2015 Order bifurcating this action and we must vacate it.[8]

Our conclusion that the trial court's Order bifurcating this divorce action was improper renders the Divorce Decree entered by the court on February 17, 2016, interlocutory, as the trial court has not yet resolved Appellee's economic claims. ***See Fried v. Fried***, 501 A.2d 211 (Pa. 1985) (explaining generally that, when a divorce is not bifurcated, issues that arise in a divorce action are reviewable on appeal only after entry of the divorce decree). Accordingly, the court has not entered a final Order in this case, we lack jurisdiction to consider the remaining issues raised by Appellant, and we quash this appeal as to those issues.

December 30, 2015 Order vacated. Appeal quashed. Case remanded. Jurisdiction relinquished.

---

[8] Moreover, even if Appellant had had notice of the Petition and hearing, we would still vacate the court's December 30, 2015 Order as it does not "provide *any* explanation as to the reasoning underlying the bifurcation [O]rder . . . on the record, *prior* to the entry of a bifurcation [O]rder or within the [O]rder itself" as it is required to do. ***Brian v. Brian***, 872 A.2d 843, 846 (Pa. Super. 2005) (emphasis in original).

J.S82030/16

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017