J-A05039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SABRINA HERRINGTON SPEIGHTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLIE H. SPEIGHTS | : | |
| | : | |
| Appellant | : | No. 2176 EDA 2017 |

Appeal from the Decree June 15, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): September Term, 2015 No. 8483

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 26, 2018**

Allie H. Speights ("Husband") appeals from the divorce decree entered by Court of Common Pleas of Philadelphia County following the lower court's decision to grant the petition for bifurcation filed by Sabrina Herrington Speights ("Wife").  Husband argues that the trial court abused its discretion in entering a bifurcated divorce decree pursuant to Section 3323 of the Divorce Code, 23 Pa.C.S.A. § 3323.  We affirm.

The parties were married on September 30, 1978, but have been living separate and apart since October 6, 2010, due to Husband's incarceration in federal prison, where he currently remains.  On September 29, 2015, Wife filed for divorce, alleging that the parties' marriage was irretrievably broken and that the parties had lived separate and apart for more than two years.  Wife sought an order approving grounds for divorce set forth in 23 Pa.C.S. § 3301(d) ("irretrievable breakdown").

---

* Former Justice specially assigned to the Superior Court.

Husband filed an answer and a counter-affidavit opposing the entry of a divorce decree, arguing that the parties "binded [sic] their [marriage] covenant as a lifetime consensual agreement and contractual relationship recognized by law." Answer, at 2. Husband also alleged that Wife was estopped from asserting that Husband was intentionally living separate and apart from her as he had been "forced to be incarcerated." Answer, at 6. In addition, Husband filed a petition for special relief asking for the appointment of counsel or that trial court require Wife to pay his counsel fees. When the trial court denied Husband's requests, he filed a notice of appeal, which was subsequently quashed by this Court.

Following the filing of numerous pleadings by both parties, a divorce master held a hearing and filed a report on October 27, 2016. Husband filed exceptions to the master's report and Wife filed an answer to Husband's exceptions. After a hearing, the Honorable Diane Thompson issued an order on January 13, 2017, approving of the grounds for divorce set forth in 23 Pa.C.S. § 3301(d), finding the parties' marriage to be irretrievably broken.

On March 2, 2017, Wife filed a motion to bifurcate the divorce. In response, Husband filed an answer contesting the motion for bifurcation, claiming that he did not consent to the bifurcation. In addition, Husband filed a motion requesting summary judgment, reiterating his argument that Wife had no grounds to file for divorce given their agreement to be bound in marriage.

- 2 -

On June 5, 2017, the Honorable Ourania Papademetriou filed an order granting Wife's motion for bifurcation, finding that Wife had demonstrated that compelling circumstances existed for the entry of a divorce decree. Specifically, the lower court found that Husband could not deny that the parties had lived separate and apart since October 6, 2010, the date his incarceration commenced. The lower court observed that Wife had only visited Husband in prison on one occasion and had limited phone communication with him. In addition, the trial judge noted that Wife had no desire to reconcile with Husband and that Wife was in a relationship with an individual that she intended to marry.

Moreover, the lower court found that Wife "demonstrated that sufficient economic protections have been provided for [Husband] during the pendency of disposition of claims relating distribution of marital property, alimony, counsel fees, costs and expenses and related claims." Order, 6/15/17, at 1. Thus, the lower court referred the case to a permanent divorce master and also denied Husband's motion for summary judgment. Thereafter, the lower court entered a divorce decree on June 15, 2017. This timely appeal followed.

As an initial matter, we note that this appeal is properly before this Court. It is well-established that "a divorce decree entered pursuant to a bifurcation order is a final and appealable order, although a bifurcation order alone, entered prior to a divorce decree, is interlocutory. Further, it is well settled that we will review the issuance of a bifurcation order using an abuse

of discretion standard." ***Brian v. Brian***, 872 A.2d 843, 845 (Pa.Super. 2005) (quoting ***Savage v. Savage***, 736 A.2d 633, 643-644 (Pa.Super. 1999)).

Pursuant to Section 3323(c.1) of the Divorce Code, a trial court may enter a Divorce Decree prior to resolution of the economic issues between the parties either with the consent of both parties or if the movant demonstrates that compelling circumstances exist for entry of the Divorce Decree. ***See*** 23 Pa.C.S. § 3323(c.1). "Bifurcation separates the termination of the marriage from the distribution of property so that the marriage and each party's personal life are not held hostage to economic demands. A decision to bifurcate should be made only after the disadvantages and advantages have been carefully explored and analyzed." ***Leese v. Leese***, 534 A.2d 1101, 1102 (Pa.Super. 1987) (quoting ***Wolk v. Wolk***, 464 A.2d 1359, 1361 (Pa.Super. 1983)).

When issuing a bifurcation order, trial courts must thoroughly explain their underlying reasoning:

> Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion standard. So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case.

***Brian***, 872 A.2d at 845 (quoting ***Wolk***, 464 A.2d at 1362).

In reaching its decision to bifurcate the divorce proceedings, the trial court emphasized that the parties had lived separate and apart for nearly

seven years since Husband's incarceration. During this time period, the parties had limited communication and Wife had indicated that she had entered a romantic relationship with another individual who she wished to marry. The trial court indicated that it had specifically referred the case to a permanent master in divorce to resolve the parties' economic claims, including the equitable distribution of any marital property, alimony, counsel fees, and related claims.[1] The trial court emphasized that Husband's numerous, repetitive filings had delayed the matter which would have been substantially advanced in terms of reaching a full resolution. Moreover, the trial court determined that Husband would suffer no prejudice as a result of the bifurcation order.

The record in the instant case does not suggest that the lower court abused its discretion in granting Wife's bifurcation request. Bifurcation will permit the parties to move on with their lives without holding the personal life of Wife hostage to the economic claims of her incarcerated husband, who adamantly claims that Wife can never seek the dissolution of their marriage covenant for any reason whatsoever. Therefore, we affirm the lower court's order entering the bifurcated decree in divorce.

Decree affirmed.

---

[1] Wife alleges there is no marital property to divide as the marital home is in foreclosure and Husband owes over $1.9 million in restitution due to his federal incarceration for money laundering and related crimes. Husband alleges that there are marital assets in the hundreds of thousands, but has never attempted to identify any of those assets in his numerous filings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18